1  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
   JOHN T. JASNOCH (CA 281605)
2  jjasnoch@scott-scott.com
   600 W. Broadway, Suite 3300
3  San Diego, CA 92101
   Telephone: (619) 233-4565
4  Facsimile: (619) 233-0508

5  *Attorneys for Plaintiff IBEW Local No. 640 and*
   *Arizona Chapter NECA Pension Trust Fund*
6
   [Additional counsel on signature page.]
7

8                 **UNITED STATES DISTRICT COURT**
9                 **CENTRAL DISTRICT OF CALIFORNIA**

10  BRIAN BARRY, Individually and on Behalf       Case No. 2:18-cv-02888-GW-MRW
    of All Others Similarly Situated,
11                                                **NOTICE OF MOTION & MOTION OF**
                                                  **PLAINTIFF IBEW 640 FOR:**
                      Plaintiff,                  **(1) CONSOLIDATION OF THE**
12                                                **RELATED ACTIONS;**
           v.                                     **(2) APPOINTMENT AS LEAD**
13                                                **PLAINTIFF; AND (3) APPROVAL OF**
    COLONY NORTHSTAR, INC., RICHARD              **ITS SELECTION OF LEAD COUNSEL;**
14  B. SALTZMAN, DARREN J. TANGEN,               **AND MEMORANDUM OF POINTS &**
    NEALE REDINGTON, and DAVID T.                **AUTHORITIES IN SUPPORT**
15  HAMAMOTO,

16                    Defendants.                Date:   July 16, 2018
                                                 Time:   8:30 a.m.
17                                               Judge:  Hon. George H. Wu

18  STEVE KLEIN, Individually and on Behalf of   Case No. 2:18-cv-03520-GW-MRW
19  All Others Similarly Situated,

20                    Plaintiff,

21         vs.

22  COLONY NORTHSTAR, INC., RICHARD B.
    SALTZMAN, DARREN J. TANGEN,
23  NEALE REDINGTON, and DAVID T.
    HAMAMOTO,
24
                      Defendants
25

26  [Caption continued on next page.]

27

28

| | |
|---|---|
| 1  IBEW LOCAL NO. 640 AND ARIZONA | Case No. 2:18-cv-04954-GW-RAO |
|    CHAPTER NECA PENSION TRUST FUND, | |
| 2  Individually and on Behalf of All Others | |
|    Similarly Situated, | |
| 3 | |
|                        Plaintiff, | |
| 4 | |
|    vs. | |
| 5 | |
|    COLONY NORTHSTAR, INC., RICHARD | |
| 6  B. SALTZMAN, DARREN J. TANGEN, | |
|    NEALE REDINGTON, and DAVID T. | |
| 7  HAMAMOTO, | |
| 8                      Defendants. | |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED...................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................2

I.     INTRODUCTION .........................................................................2

II.    FACTUAL BACKGROUND .........................................................2

III.   ARGUMENT .................................................................................4

     A.    The Related Actions Should Be Consolidated...............................4

     B.    IBEW 640 Should Be Appointed Lead Plaintiff............................5

         1.    IBEW 640's Motion Is Timely ....................................5

         2.    The Proper Class Period for Calculating the Largest Financial Interest in the Related Actions .........................5

         3.    IBEW 640 the Largest Financial Stake in the Relief Sought by the Class ................................................6

         4.    Congress Expressly Intended Institutional Investors, Like IBEW 640, to Be Appointed as Lead Plaintiff .............7

         5.    IBEW 640 Is Otherwise Qualified Under Rule 23 .........8

     C.    The Court Should Approve IBEW 640's Choice of Counsel ....................9

IV.   CONCLUSION.............................................................................10

i

NOTICE OF MOTION & MOTION FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT, CASE NOS. 2:18-CV-02888; 2:18-CV-03520; 2:18-CV-04954

1

# <u>TABLE OF AUTHORITIES</u>

2

PAGE(S)

3

CASES

4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ......................................................................................2, 9, 10

5

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
  No. C 04-04362 MJJ, 2005 WL 318813 (N.D. Cal. Feb. 7, 2005)............................................4

6

7

*In re Cohen*,
  586 F.3d 703 (9th Cir. 2009) .........................................................................................9

8

*Feyko v. Yuhe Int'l Inc.*,
  No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ..................................6, 7

9

*Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
  877 F.2d 777 (9th Cir. 1989) .........................................................................................4

10

11

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...........................................................................6

12

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ........................4, 5, 6

13

14

*Mulligan v. Impax Labs., Inc.*,
  No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013)........................................6

15

16

*Perlmutter v. Intuitive Surgical, Inc.*,
  No. 10-CV-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011)....................................7

17

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...............................6, 7

18

19

*Russo v. Finisar Corp.*,
  No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ...........................4, 8

20

*Westley v. Oclaro, Inc.*,
  No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ................................8, 9

21

22

STATUTES, RULES & REGULATIONS

23

15 U.S.C.
  §77z-1(a)(3)(A)(i)(II)..................................................................................................5

24

  §77z-1(a)(3)(A)-(B) ...................................................................................................5
  §77z-1(a)(3)(B)(iii)(II)(aa) ..........................................................................................9

25

  §77z-1(a)(3)(B)(v) .....................................................................................................9
  §78u-4(a)(3)(A)(i) .....................................................................................................5

26

  §78u-4(a)(3)(B)(i) .....................................................................................................6
  §78u-4(a)(3)(B)(iii).....................................................................................................2

27

28

ii

NOTICE OF MOTION & MOTION FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT
AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF
POINTS & AUTHORITIES IN SUPPORT, CASE NOS. 2:18-CV-02888; 2:18-CV-03520; 2:18-CV-04954

§78u-4(a)(3)(B)(iii)(I)(bb) ..................................................................6
§78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................8

FEDERAL RULES OF CIVIL PROCEDURE
Rule 23(a) ..............................................................................................8
Rule 42(a)(1)-(3) ...................................................................................4

OTHER AUTHORITIES

H.R. CONF. REP. NO. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................7

MANUAL FOR COMPLEX LITIGATION (THIRD) §20.123 (1995) ......................................4

NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008) ....................................................9

1   **NOTICE OF MOTION AND MOTION**

2   TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

3          PLEASE TAKE NOTICE that Lead Plaintiff movant and putative Class member IBEW

4   Local No. 640 and Arizona Chapter NECA Pension Trust Fund ("IBEW 640"), by and through

5   its undersigned counsel, hereby moves this Court in Courtroom 9D, 9th Floor, of the United

6   States District Court for the Central District of California, 350 West 1st Street, Los Angeles,

7   California, on July 16, 2018 at 8:30 a.m., or as soon thereafter as the matter may be heard, for the

8   entry of an order: (1) consolidating the above-captioned related actions; (2) appointing IBEW

9   640 as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform

10  Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving its selection of Scott+Scott

11  Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

12         This motion is made on the grounds that IBEW 640 timely filed this motion and is the

13  most adequate plaintiff.  Based on the information presently available, IBEW 640 has the largest

14  financial interest in the relief sought by the Class amongst movants for lead plaintiff, meets the

15  requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as its claims are

16  typical of the claims of the Class, and it will fairly and adequately represent the interests of the

17  Class.  In addition, IBEW 640 has selected and retained Scott+Scott, a law firm with substantial

18  experience in prosecuting securities class actions, to serve as Lead Counsel.

19         This motion is based on this notice of motion and memorandum of points and authorities

20  herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed concurrently herewith and in

21  support thereof, the pleadings and other files and records previously entered in these actions, and

22  such other written or oral argument as may be presented to the Court.

23  **STATEMENT OF THE ISSUES TO BE DECIDED**

24         1.     Whether the Court should consolidate the above-captioned related actions, which

25  involve common questions of law and fact, pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)");

26         2.     Whether the Court should appoint IBEW 640 as Lead Plaintiff pursuant to 15

27  U.S.C. §78u-4(a)(3)(B); and

28

1          3.     Whether the Court should approve of IBEW 640's selection of Scott+Scott as

2    Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

3    **MEMORANDUM OF POINTS AND AUTHORITIES**

4    **I.    INTRODUCTION**

5          IBEW 640, by and through its undersigned counsel, respectfully submits this

6    memorandum of points and authorities in support of its motion for: (1) consolidation of the

7    above-captioned related actions; (2) appointment as Lead Plaintiff pursuant to §21D of the

8    Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as

9    amended by the PSLRA; and (3) approval of its selection of Scott+Scott to serve as Lead

10   Counsel for the putative Class.

11         The PSLRA provides that the Court is to appoint as lead plaintiff the member or

12   members of the purported plaintiff class with the largest financial interest in the action that

13   otherwise satisfies the requirements of Rule 23.   15 U.S.C. §78u-4(a)(3)(B)(iii).   As

14   demonstrated below, IBEW 640 should be appointed to serve as the Lead Plaintiff for this

15   litigation because: (1) its motion for appointment is timely filed; (2) based on information

16   presently available, IBEW 640 has the largest financial interest in this litigation; and (3) it is an

17   adequate and typical Class member.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA's

18   standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)

19   (same).   In addition, IBEW 640's selection of Scott+Scott to serve as Lead Counsel for the

20   putative class should be approved.   *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate

21   plaintiff shall, subject to the approval of the court, select and retain counsel to represent the

22   class.").   Scott+Scott has a long history of successfully litigating securities class actions and

23   possesses the necessary resources to aggressively prosecute this action on behalf of the putative

24   class.

25   **II.    FACTUAL BACKGROUND**

26         On April 6, 2018, Plaintiff Brian Barry ("Plaintiff Barry") filed the first putative class

27   action, captioned *Barry v. Colony NorthStar, Inc.*, No. 2:18-cv-02888-GW-MRW (the "*Barry*

28

2

Action"), in this District on behalf of all persons, other than Defendants (defined below), who purchased or otherwise acquired publicly traded securities of Colony NorthStar, Inc. ("Colony NorthStar" or the "Company") between February 28, 2017 through March 1, 2018, inclusive. *See Barry* Action, Compl. ¶1 (ECF No. 1). Two additional putative class actions were filed thereafter (together, with the *Barry* Action, the "Related Actions"):

| Case | Civil No. | Date Filed | Class Period |
|------|-----------|------------|--------------|
| *Barry v. Colony NorthStar, Inc.* | 2:18-cv-02888 | 04/06/2018 | 02/28/2017 – 03/01/2018 |
| *Klein v. Colony NorthStar, Inc.* ("*Klein* Action") | 2:18-cv-03520 | 04/26/2018 | 02/28/2017 – 03/01/2018 |
| *IBEW Local No. 640 and Arizona Chapter NECA Pension Trust Fund v. Colony NorthStar, Inc.* ("*IBEW 640* Action") | 2:18-cv-04954 | 06/04/2018 | 01/10/2017 – 03/01/2018 |

Colony NorthStar operates as a real estate investment trust. The Company resulted from the January 2017 merger of three entities: Colony Capital, Inc.; NorthStar Asset Management Group Inc.; and NorthStar Realty Finance Corp. ¶2.[1] The Company's stock trades on the New York Stock Exchange under the ticker symbol "CLNS." ¶3.

The Complaint alleges that Colony NorthStar and certain of its officers and directors (collectively, "Defendants") made false and/or misleading statements and/or failed to disclose that: (i) Colony NorthStar's Healthcare and Investment Management segments were performing worse than reported; and (ii) as a result, Colony NorthStar's public statements were materially false and misleading at all relevant times. ¶4.

On March 1, 2018, Colony NorthStar reported its financial and operating results for the quarter and year ended December 31, 2017, announcing a goodwill impairment of $375 million attributable to the Company's Healthcare and Investment Management segments. ¶6. On this news, Colony NorthStar's share price fell $1.78, or 22.88%, to close at $6.00 on March 1, 2018. ¶7.

---

[1] All "¶" and "¶¶" references are to the complaint filed in the *IBEW 640* Action (ECF No. 1) (the "Complaint").

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a)(1)-(3); *see also* MANUAL FOR COMPLEX LITIGATION (THIRD) §20.123 (1995); *Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").  Courts recognize that "class action shareholder suits are particularly well suited to consolidation" because their "unification expedites proceedings, reduces case duplication, . . . and minimizes the expenditure of time and money" by all concerned.  *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").  The Court has broad discretion under Rule 42(a) to consolidate cases pending within its District.  *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

Here, the three Related Actions present substantially similar factual and legal issues, arise from the same alleged scheme by Defendants, and allege violations of federal securities laws. Each action alleges claims pursuant to §§10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same or similar underlying facts and circumstances.  Because the Related Actions are based on similar facts and involve the same subject matter and legal claims, discovery obtained in any one of the Related Actions will undoubtedly be relevant to all of these actions, and similar class certification issues will also be relevant to all of these actions.

Accordingly, consolidation of the Related Actions is appropriate under Rule 42(a) and the PSLRA.

### B.   IBEW 640 Should Be Appointed Lead Plaintiff

#### 1.   IBEW 640's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of the *Barry* Action, on April 6, 2018, Plaintiff Barry published notice of pendency of the action via *Business Wire*. *See* Jasnoch Decl., Ex. A. Notice of the *IBEW 640* Action and its expanded class period was published on June 4, 2018 via *PRNewswire*. *See* Jasnoch Decl., Ex. B. Because the Early Notice was published within 20 days of the initiating *Barry* Action, notice was timely. *See Miami Police*, 2014 WL 2604991, at *4 (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice. 15 U.S.C. §77z-1(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely. 15 U.S.C. §77z-1(a)(3)(A)(i)(II). Moreover, IBEW 640 has submitted a certification stating its willingness to serve as a representative party on behalf of the class. *See* Jasnoch Decl., Ex. C.

#### 2.   The Proper Class Period for Calculating the Largest Financial Interest in the Related Actions

As set forth above, the PSLRA provides that an important factor in determining the appropriate lead plaintiff in a securities class action is the financial losses incurred by a movant as a result of the alleged fraud. Thus, in order to properly compare putative movants, the Court must, as an initial matter, determine the operative class period for the analysis.

The initial class period established in the *Barry* Action complaint was from February 28, 2017 through March 1, 2018, inclusive. The *Klein* Action utilized the same class period.

NOTICE OF MOTION & MOTION FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT, CASE NOS. 2:18-CV-02888; 2:18-CV-03520; 2:18-CV-04954

However, the *IBEW 640* Action, filed on June 4, 2018, expanded the class period to January 10, 2017 through March 1, 2018, inclusive.

For the purpose of determining a lead plaintiff, courts in this District have generally held that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated, so long as there is a factual basis for that class period. *See Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *8 (N.D. Cal. July 2, 2013) (citing *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008)); *see also Miami Police*, 2014 WL 2604991, at *1 n.3.  The longest alleged class period here is January 10, 2017 through March 1, 2018, inclusive (hereinafter the Class Period"), which is supported by factual allegations in the Complaint. *See* ¶¶20-23.

### 3.    IBEW 640 the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."   15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA's lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).  "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding*

*Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) (internal quotation marks omitted).  "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."  *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, IBEW 640 has the largest financial interest in the relief sought in this litigation.  IBEW 640 suffered losses of approximately $404,171.  *See* Jasnoch Decl., Ex. D.  Given that IBEW 640 has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff, and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 4. Congress Expressly Intended Institutional Investors, Like IBEW 640, to Be Appointed as Lead Plaintiff

When it enacted the PSLRA in 1995, Congress intended to increase the role of institutional investors, like IBEW 640, in securities class actions.  Institutional investors typically have a larger financial stake in the outcome of the litigation, and Congress believed that entities having such an interest would be more apt to effectively manage the litigation.  *See* H.R. CONF. REP. NO. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").  Courts have thus found that the appointment of institutional investors is consistent with the legislative intent of the PSLRA.  *See Perlmutter v. Intuitive Surgical, Inc*., No. 10-CV-03451-LHK, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011) (appointing an institutional investor "comports with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiffs"); *Feyko*, 2012 WL 682882, at *3 (noting that institutional investors are "'exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'").

1    Here, IBEW 640 is precisely the type of lead plaintiff envisioned by Congress.  It is a

2    sophisticated institutional investor possessing a significant financial stake in this litigation.

3    Accordingly, IBEW 640's status as an institutional investor strongly supports its appointment as

4    Lead Plaintiff.

5                    **5.      IBEW 640 Is Otherwise Qualified Under Rule 23**

6    Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also

7    "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule

8    23(a) provides that a party may serve as a class representative only if the following four

9    requirements are satisfied: "(1) the class is so numerous that joinder of all members is

10   impracticable; (2) there are questions of law or fact common to the class; (3) the claims or

11   defenses of the representative parties are typical of the claims or defenses of the class; and (4)

12   the representative parties will fairly and adequately protect the interests of the class."  Fed. R.

13   Civ. P. 23(a).  Of the four prerequisites, only two – typicality and adequacy – directly address the

14   personal characteristics of the class representative.  Consequently, in deciding a motion to serve

15   as lead plaintiff, the court need only make findings as to the typicality and adequacy of the

16   proposed lead plaintiff and, at this stage, those findings need only be "preliminary."  *See, e.g.*,

17   *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12,

18   2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at

19   the lead plaintiff stage).

20   The typicality requirement of Rule 23(a)(3) is satisfied when the representative party

21   "'has suffered the same injuries as other class members as a result of the same conduct by

22   defendants and has claims based on the same legal issues.'"  *Id.*  Here, the claims of IBEW 640

23   are typical of the claims of the other members of the putative Class because, like all other Class

24   members, IBEW 640: (1) purchased Colony NorthStar securities during the Class Period; (2) was

25   adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered

26   damages as a result thereof.  *See Russo*, 2011 WL 5117560, at *4 (discussing ways in which a

27   lead plaintiff movant can meet the typicality requirement).  Since the claims asserted by IBEW

28

640 are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See* NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). IBEW 640 satisfies the "adequacy" requirement in the instant litigation because its interests are clearly aligned with the interests of the putative Class. Moreover, IBEW 640, like all other members of the Class, suffered losses as a result of purchasing Colony NorthStar securities at prices that were artificially inflated due to Defendants' alleged conduct. IBEW 640 will, therefore, benefit from the same relief as other Class members. In short, there is absolutely no evidence of antagonism between IBEW 640 and the putative Class.

IBEW 640 has also demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, IBEW 640 has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of its motion.

## C. The Court Should Approve IBEW 640's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of

9

1    counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp.*

2    *Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733, 733 n.12.

3           IBEW 640 has selected the law firm of Scott+Scott to serve as Lead Counsel of the

4    Related Actions.  Scott+Scott has significant experience in the prosecution of securities class

5    actions and as its history indicates, Scott+Scott will vigorously prosecute this case on behalf of

6    IBEW 640 and the putative Class.  *See* Jasnoch Decl., Ex. E.

7           Scott+Scott is also currently serving as lead or co-lead counsel in securities class actions

8    pending in several United States District Courts.  *See, e.g.*, *Robinson v. Diana Containerships,*

9    *Inc.*, No. 17-cv-06160 (E.D.N.Y.); *Emerson v. Genocea Bioscis., Inc.*, No. 17-cv-12137 (D.

10   Mass.); *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. FXCM Inc.*, No. 15-cv-

11   03599 (S.D.N.Y.); *In re Conn's Inc. Sec. Litig.*, No. 14-cv-00548 (S.D. Tex.).

12          In light of the foregoing, the Court should approve IBEW 640's selection of Scott+Scott

13   as Lead Counsel.  The Court can be assured that by approving IBEW 640's choice of counsel,

14   the putative Class will receive the highest caliber of representation.

15   **IV.    CONCLUSION**

16          For all of the foregoing reasons, IBEW 640 respectfully requests that the Court

17   consolidate the Related Actions, appoint IBEW 640 as Lead Plaintiff of the Related Actions, and

18   approve the its selection of Scott+Scott to serve as Lead Counsel.

19   DATED: June 5, 2018                          Respectfully submitted,
                                                  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
20

21                                                 /s/ John T. Jasnoch
                                                  John T. Jasnoch (CA 281605)
22                                                jjasnoch@scott-scott.com
                                                  600 W. Broadway, Suite 3300
23                                                San Diego, CA 92101
                                                  Telephone: (619) 233-4565
24                                                Facsimile:  (619) 233-0508

25                                                       – and –

26                                                Donald A. Broggi (*pro hac vice* forthcoming)
                                                  dbroggi@scott-scott.com
27                                                Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
                                                  tlaughlin@scott-scott.com

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rhiana Swartz (*pro hac vice* forthcoming)
rswartz@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334

*Proposed Lead Counsel for Proposed Lead
Plaintiff IBEW Local No. 640 and Arizona
Chapter NECA Pension Trust Fund*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 5, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on June 5, 2018, at San Diego, California.

 /s/ John T. Jasnoch
John T. Jasnoch (CA 281605)