1

2

3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

4   BRIAN BARRY, Individually and on Behalf
    of All Others Similarly Situated,

5                                          Plaintiff,

6         v.

7   COLONY NORTHSTAR, INC., RICHARD

8   B. SALTZMAN, DARREN J. TANGEN,
    NEALE REDINGTON, and DAVID T.

9   HAMAMOTO,

10                                         Defendants.

11   _____

12   STEVE KLEIN, Individually and on Behalf of
     All Others Similarly Situated,

13                                         Plaintiff,

14        vs.

15   COLONY NORTHSTAR, INC., RICHARD B.
     SALTZMAN, DARREN J. TANGEN,

16   NEALE REDINGTON, and DAVID T.
     HAMAMOTO,

17

18                                         Defendants.

19   _____

     IBEW LOCAL NO. 640 AND ARIZONA
     CHAPTER NECA PENSION TRUST FUND,

20   Individually and on Behalf of All Others
     Similarly Situated,

21

22                                         Plaintiff,

23        vs.

24   COLONY NORTHSTAR, INC., RICHARD
     B. SALTZMAN, DARREN J. TANGEN,

25   NEALE REDINGTON, and DAVID T.
     HAMAMOTO,

26                                         Defendants.

27

28

Case No. 2:18-cv-02888-GW-MRW

**[PROPOSED] ORDER GRANTING:
(1) CONSOLIDATION OF THE
RELATED ACTIONS; (2) APPOINTMENT
AS LEAD PLAINTIFF; AND
(3) APPROVAL OF SELECTION OF
LEAD COUNSEL**

Date:    July 16, 2018
Time:   8:30 a.m.
Judge:  Hon. George H. Wu

Case No. 2:18-cv-03520-GW-MRW

Case No. 2:18-cv-04954-GW-RAO

[PROPOSED] ORDER GRANTING: (1) CONSOLIDATION OF THE RELATED ACTIONS;
(2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL,
CASE NOS. 2:18-CV-02888; 2:18-CV-03520; 2:18-CV-04954

WHEREAS, Lead Plaintiff movant and putative Class member IBEW Local No. 640 and Arizona Chapter NECA Pension Trust Fund ("IBEW 640") has moved, pursuant to §21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, for: (1) consolidation of the above-captioned related actions; (2) appointment as Lead Plaintiff; and (3) approval of its selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for plaintiffs and the Class, and good cause appearing therefore:

IT IS HEREBY ORDERED as follows:

1.     The above-captioned actions are hereby consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure into the first-filed action, captioned *Barry v. Colony NorthStar, Inc.*, No. 2:18-cv-02888-GW-MRW (the "Action").   All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this Action for pretrial purposes.  This Order shall apply to every such related action, absent order of the Court.

2.     IBEW 640 is the most adequate plaintiff and is appointed Lead Plaintiff for the Class in the Action (and any subsequently consolidated or related actions) to represent the Class.

3.     Lead Plaintiff's selection of Lead Counsel for the Class is hereby approved.  The law firm of Scott+Scott is appointed as Lead Counsel.  Lead Counsel shall have the authority to speak for all plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.  Additionally, Lead Counsel shall have the following responsibilities:

(a)    to brief and argue motions;

(b)    to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel, the preparation of written interrogatories, requests for admission, and requests for production of documents;

1

(c)     to direct and coordinate the examination of witnesses in depositions;

(d)     to act as spokesperson at pretrial conferences;

(e)     to call and chair meetings of plaintiffs' counsel, as appropriate or necessary, from time-to-time;

(f)     to initiate and conduct any settlement negotiations with counsel for Defendants;

(g)     to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel, as may be required in such a manner, as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

(h)     to consult with and employ experts;

(i)     to receive and review periodic time reports of all attorneys on behalf of plaintiffs to determine if the time is being spent appropriately and for the benefit of plaintiffs and to determine and distribute plaintiffs' attorneys' fees; and

(j)     to perform such other duties as may be expressly authorized by further order of this Court.

4.      Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of the Class and for disseminating notices and orders of this Court.

5.      No motion, application, or request for discovery shall be served or filed, or other pretrial proceedings initiated, on behalf of Lead Plaintiff, except through Lead Counsel.

6.      All notices, proposed orders, pleadings, motions, discovery, and memoranda requiring a response in less than 30 days shall be served upon Lead Counsel and Defendants' counsel by the Court's Electronic Case Filing ("ECF") system, overnight mail service, telecopy, and/or hand delivery.

7.      All other service shall take place by regular mail.

[PROPOSED] ORDER GRANTING: (1) CONSOLIDATION OF THE RELATED ACTIONS;
(2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL,
CASE NOS. 2:18-CV-02888; 2:18-CV-03520; 2:18-CV-04954

1    8.      Lead Counsel for the Class shall be available and responsible for communications

2 to and from the Court.

3    9.      Defendants' counsel may rely upon all agreements made with Lead Counsel or

4 other duly authorized representatives of Lead Plaintiff.

5    10.     This Order shall apply to each case subsequently filed in this Court or transferred

6 to this Court, unless a party objecting to the consolidation of such case or to any other provision

7 of this Order files, within ten (10) days after the date upon which a copy of this Order is mailed

8 to counsel for such party, an application for relief from this Order or any provision herein and

9 this Court deems it appropriate to grant such application.

10    IT IS SO ORDERED.

11 DATED: July 16, 2018

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

12

13

14

15

16 Submitted by:

17 **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

18 _/s/ John T. Jasnoch_
John T. Jasnoch (CA 281605)
19 jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
20 San Diego, CA 92101
Telephone: (619) 233-4565
21 Facsimile:  (619) 233-0508

22

23

24

25

26

27

28

3